O

# United States District Court
# Central District of California

| | |
|---|---|
| STEVE KALLEN,<br><br>          Plaintiff,<br><br>     v.<br><br>TILLAMOOK COUNTY CREAMERY ASSOCIATION; DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:14-cv-04997-ODW(FFMx)<br><br>**ORDER DENYING MOTION TO REMAND [12]** |

## I. INTRODUCTION

Plaintiff Steve Kallen moves to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. (ECF No. 12.) Kallen contends that Defendant Tillamook County Creamery Association failed to establish diversity jurisdiction under 28 U.S.C. § 1332. Kallen's main argument is that Tillamook did not satisfy its burden of proving by a preponderance of the evidence that the amount in controversy meets the $75,000 jurisdictional minimum. For the reasons discussed below, the Court finds that the amount in controversy exceeds $75,000 and therefore **DENIES** Plaintiff's Motion to Remand.[1] (ECF No. 12.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.  FACTUAL BACKGROUND

Plaintiff Steve Kallen's claims arise from the termination of his employment. On May 15, 2014, Kallen filed this action in state court, alleging four violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–96, including (1) discrimination; (2) failure to accommodate; (3) failure to engage in good-faith interactive process; and (4) failure to prevent harassment and discrimination. (Not. of Removal Ex. A.) In his Complaint, Kallen alleges that he worked for Tillamook as a consultant for four years prior to becoming a full-time Tillamook employee in January 2012. (Compl. ¶ 9.) Kallen further states that he received positive evaluations and year-end bonuses for achieving his sales-goal percentages. (*Id.*)

Kallen alleges that during his employment, he suffered from various health conditions that his employers were aware of. (*Id.* ¶ 10.) He took time off work to have his kidney stones removed and took additional time off in June and August 2013 for back surgery. (*Id.*) On one occasion in December 2013, Kallen had a seizure during a work meeting. (*Id.* ¶ 11.) Again in January 2014, Kallen suffered an allergic reaction from his medication during a client meeting. (*Id.*) His supervisors were aware of his conditions and on previous occasions had told Kallen to take time off work to get better. (*Id.*) On January 30, 2014, Tillamook terminated Kallen's employment. (*Id.* ¶ 12.)

On May 15, 2014, Kallen commenced this action in Los Angeles County Superior Court. (Not. of Removal Ex. A.) Tillamook removed the action to this Court on June 26, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF 1.) On July 28, 2014, Kallen moved to remand this action. (ECF No. 12.) Tillamook timely opposed. That Motion is now before the Court for decision.

## III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S.

1  Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

This Motion turns on whether the jurisdictional minimum for the amount in controversy has been satisfied. Kallen has not specified the amount of damages he seeks. Therefore, as the proponent of federal jurisdiction, Tillamook bears the burden of establishing that the amount in controversy exceeds $75,000. Kallen seeks compensation for lost earnings, emotional distress, punitive damages, and attorneys' fees. Tillamook contends that whether looking at lost earning alone or all the damages in the aggregate, the amount in controversy is satisfied. The Court considers each category of damages in turn.

### A. Lost earnings

Tillamook alleges that Kallen's lost earnings alone exceed $75,000. (*Id.* at ¶ 21.) Tillamook sets forth a figure of $333,333.33, which includes both $133,333.33

in back pay (16 months' worth of salary from the date of termination to the estimated trial date) and $200,000 in front pay. (*Id.*) Tillamook bases these numbers on Kallen's hourly salary of $48.045 per hour. (*Id.*) Tillamook calculates that Kallen's approximate yearly salary was $100,000. (*Id.*) But Kallen argues that Tillamook merely speculated when making its calculations and has not provided evidence about mitigation of damages or alternate employment.

Kallen is correct that he can mitigate his damages. Moreover, "his entitlement to lost wages may be reduced by his alternative employment." *Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004). But Kallen makes no mention in his initial Complaint or in his Motion about any attempts to mitigate damages or any new sources of income. Therefore, when assessing the potential damages for Kallen's lost wages, the Court need not take into consideration the possibility of mitigated damages. *See Rivera v. Costco Wholesale Corp.,* No. C 08-02202 CW, 2008 WL 2740399 (N.D. Cal. July 11, 2008) (holding that in the absence of a plaintiff's mitigation allegations, defendant did not need to prove that the plaintiff did not mitigate in order to satisfy the burden of proof).

Tillamook calculated back pay from the date of Kallen's termination to the estimated trial date of May 2015. (Not. of Removal ¶ 21.) Moreover, Tillamook calculated front pay for two years following the trial. (*Id.*) It is unknown whether Kallen will have an alternate source of income between now and the trial date. Therefore, when calculating the back pay for the amount-in-controversy requirement the Court will only consider the amount of time that has passed from the time of Kallen's termination up until now, i.e., 7 seven months. Kallen's yearly salary was approximately $100,000.000, or $8,333.33 per month. So seven months of back pay totals $58,333.33. Finally, it is unclear why Tillamook assumes Kallen will request two years' worth of front pay. While Tillamook points to cases where courts have awarded numerous years of front pay, it fails to point to any evidence in the record
/ / /

indicating that Kallen will seek a similar award. (*Id.*) Therefore, Kallen's claims to lost earnings add up to $58,333.33 of the $75,000 jurisdictional minimum.

**B.     Emotional-distress and punitive damages**

Tillamook contends that punitive damages alone will satisfy the amount-in-controversy requirement and emotional-distress damages will, at minimum, add an additional $25,000. (Not. of Removal ¶ 22.) Tillamook cites several California wrongful-termination cases. (*Id.*) All of the Plaintiffs in the cases cited received punitive damages totaling over $75,000. *See, e.g.*, *Leuzinger v. Cnty. of Lake*, No. C060398 (SBA) (N.D. Cal. Sept. 24, 2007) (awarding $1,250,001 for non-economic damages when she was offered a lesser job after sustaining a wrist injury which limited her ability to perform normal tasks of her employment); *Martin v. Arrow Elecs.*, No. SACV041134 (C.D. Cal. Jun. 29, 2006) (awarding over $300,000 non-economic damages in a disability discrimination and wrongful termination case). But Kallen argues that the cases cited are not analogous to his case, and, even if this Court does find them to be analogous, the two jury-trial verdicts cited are not sufficient to meet Tillamook's burden of establishing the amount in controversy. (Reply 4, 5.)

In determining the amount in controversy, the Court may include the request for punitive damages and emotional-distress damages if a plaintiff may recover them under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002). California law allows the recovery of punitive damages based on FEHA claims, wrongful termination, and intentional infliction of emotional distress. *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980); *Simmons*, 209 F. Supp. 2d at 1033. To establish emotional-distress and punitive damages, the "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

/ / /

Kallen contends that case law shows that merely citing two cases is insufficient to meet Tillamook's burden. (Reply 5.) But in the case that Kallen cites, the issue was not that citing two cases was insufficient; it was that the defendant in that case "made no effort to compare the facts of those cases with the alleged facts of this case. In fact . . . the cases cited by [the] defendant [bore] little or no resemblance to [the] litigation." *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). Unlike *Conrad*, the cases cited by Tillamook are analogous to this case. They include awards based on the very same FEHA violations that make up Kallen's claims: disability discrimination, failure to accommodate, and failure to engage in good-faith interactive process. Since all of the punitive-damage awards Tillamook proffers exceed $75,000, it is plausible that Kallen could be awarded a similar amount for his non-economic damages. Combined with the $58,333.33 back-pay figure, Kallen's potential punitive damages meet the amount-in-controversy threshold.

## C. Attorneys' fees

In his Complaint, Kallen alleges that he "has incurred, and continues to incur, legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs." (Compl. ¶ 22.)

In ordinary diversity cases, the jurisdictional amount does not include an attorneys'-fees request unless an underlying statute authorizes such an award. *Lowdermilk*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)). But even when including attorneys' fees, a court "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Ultimately, the defendant must overcome "the strong presumption against removal jurisdiction" by "setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the required $75,000. *Gaus*, 980 F.2d at 567.

/ / /

Tillamook contends that "[i]t is to assume that [the attorneys' fees] could exceed any damages awarded." (Opp'n 10.) Moreover, Tillamook cites numerous cases with attorneys' fees exceeding $75,000 in FEHA-based claims. While Tillamook has not provided this Court with enough evidence to surmise how much attorneys' fees will be, the aggregate damages total resulting from back pay, emotional-distress and punitive damages, and attorneys' fees well exceeds the jurisdictional minimum.

## V.  CONCLUSION

For the reasons discussed above, the Court finds that it has subject-matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court **DENIES** Kallen's Motion to Remand. (ECF No. 12.)

**IT IS SO ORDERED.**

September 4, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**